UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS


IN THE MATTER OF THE EXTRADITION    )
               OF    )    Misc. No. 05-1609-CBS
BOGDANS HVALEJS    )
_____)

COMPLAINT FOR PROVISIONAL ARREST
WITH A VIEW TOWARDS EXTRADITION
(18 U.S.C. §3184)

I, John T. McNeil, being duly sworn, depose and state that I
am an Assistant United States Attorney for the District of
Massachusetts and act for and on behalf of the Republic of Latvia
("Latvia") pursuant to the Extradition Treaty between the United
States of America and Latvia of October 16, 1923, entered into
force on March 1, 1924 (TS 677) and the Supplementary Treaty of
October 10, 1934, entered into force on March 29, 1935 (TS 884),
("the Treaty") with respect to the extradition of **BOGDANS HVALEJS**
("Hvalejs" or "the fugitive").  Under the Treaty, the United
States provides legal representation in United States courts for
Latvia in its extradition requests, and Latvia provides legal
representation in its courts for extradition requests made by the
United States.  In accordance with the Treaty, Latvia has
requested the extradition of the fugitive to face criminal
charges in that country.

In accordance with Title 18, United States Code, Section
3184, I charge, on information and belief, including certified

1

documents provided to me from the Latvian government via the
United States Department of State, as follows:

1. Foreign charges: The fugitive is duly and legally
charged with having committed, in the jurisdiction of Latvia, the
crimes of: theft in violation of Article 175, part 3 of the
Criminal Law of Latvia; and the illegal purchase and possession
of narcotics (heroin) in violation of Article 253, part 1 of the
Criminal Law of Latvia.

Article II of the Treaty provides that the charge of theft
as set forth above shall serve as the basis for extradition.
Article VI of the United Nations Convention against Illicit
Traffic in Narcotic Drugs and Psychotropic Substances (1988)("the
Vienna Convention") provides that the illegal purchase and
possession of narcotics (heroin) shall serve as the basis for
extradition.

2. Foreign arrest warrant: A warrant for the fugitive's
arrest (Warrant No. 12507001002)was issued on October 22, 2003,
by the Latgale District Court in Riga, Latvia.

3. Facts underlying foreign charges: According to an
investigation by authorities in Latvia, on or about December
12, 2000, between the hours of 11:30 a.m. and 2:00 p.m., the
fugitive, Bogdans Hvalejs, along with D. Lascuks, entered into
flat 34 on Salnas Street, 13, Riga, Latvia.  Hvalejs kept watch
to make sure no one was coming, while Lascuks forced the door

2

open with a crowbar.  Once inside they stole several pieces of
electronics (a television, audio tape-recorder, telephone),
clothes and a purse, as well as other personal items of value.
Hvalejs was subsequently charged with a violation of the 3rd
part of Article No. 175 of the Criminal Law of Latvia.

On or about August 22, 2001, around 2:00 p.m., Bogdans
Hvalejs broke into a SAAB automobile belonging to Ivars Zalais
which was parked at Krasta Street, 76, Riga, Latvia, and stole
the radio from the dashboard and a mobile phone from the
interior of the automobile.  Hvalejs also caused the
intentional spoilage of property in that in the process of
breaking into the SAAB automobile he used a scissors to break
open the glove box of the front panel, thereby damaging the
property of Ivars Zalais.  Hvalejs was subsequently charged
with a violation of the 3rd part of Article No. 175 of the
Criminal Law of Latvia for the theft, and charged with a
violation of the 1st part of Article No. 185 of the Criminal Law
of Latvia for the intentional destruction of property.

On or about November 1, 2001, Hvalejs was administratively
detained by law enforcement authorities in Riga, Latvia when
Hvalejs and an associate were discovered in what appeared to be
a state of narcotic intoxication at a public bus stop.  Upon a
search of Hvalejs's person, law enforcement officers discovered
463 grams of heroin in his possession in 13 separate

polyethylene bags.  Officers also discovered a syringe in his possession.  Hvalejs was subsequently charged with a violation of the 1st part of Article No. 253 of the Criminal Law of Latvia for the purchase and possession of a narcotic substance.

Hvalejs was placed on police supervision on or about September 14, 2001.  Thus, the narcotics possession offense was committed while on police supervision.  Moreover, while on police supervision and in violation of that supervision, Hvalejs fled from Latvia on or about November 24, 2001.

4. Fugitive's presence in the U.S.  According to the Commonwealth of Massachusetts Criminal History Systems Board, Hvalejs has been arrested and charged in Massachusetts on 11 separate occasions between February 11, 2003, and October 15, 2004.  During this period, charges have been brought in Boston District Court, East Boston District Court, and Lynn District Court.  Hvalejs is currently being held on a probation violation issued by the Lynn District Court.  Hvalejs is in the custody of the Essex County Sheriff's Department, at the correctional facility located at 20 Manning Avenue, Middleton, Massachusetts, and will be so held until January 13, 2005.

5. Fugitive's description. The fugitive, a citizen of Latvia, born on July 23, 1983, is described as follows:

Sex:        Male

Race:       Caucasian

4

Height:          168 Centimeters (5'5")

Eyes:            Green

Passport No.    NR1509823 (issued on October 19, 1999)

6. <u>Risk of flight</u>. The likelihood of flight is substantial if the fugitive learns of the request prior to arrest.

Whereupon, your complainant requests:

a. that a warrant be issued pursuant to Title 18, United States Code, Section 3184, for the fugitive's arrest;

b. that a detainer be lodged by the United States Marshal Service with the Essex County Sheriff's Department;

c. that the fugitive be brought before this Court and detained pending an extradition hearing at which evidence of criminality will be heard, or pending the fugitive's waiver of such a hearing;

d. that if, on such hearing or waiver, the Court deems the evidence sufficient under the provisions of the Treaty and the Vienna Convention to sustain the charges, the Court certify the same to the Secretary of State in order that a warrant may be issued for the surrender of the fugitive to the appropriate authorities of Latvia according to the Treaty and the Vienna Convention; and

e. that this Court take such other actions as may be required under the provisions of the Treaty, the Vienna Convention, and the laws of the United States to meet the

5

obligations of the United States under the Treaty and Vienna Convention, including the seizure of any items or materials in the fugitive's possession at the time of apprehension which are related to the crimes charged or which may be used as evidence, pursuant to Article X of the Treaty.

Signed and dated at Boston, Massachusetts, this 12th day of January, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

JOHN T. McNEIL
Assistant U.S. Attorney

Sworn to before me this 12th day of January ,2005
AND A WARRANT SHALL ISSUE.

CHARLES B. SWARTWOOD, III
Chief United States Magistrate Judge