# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ──────────────────────── ) | |
| IN THE MATTER OF THE EXTRADITION ) | |
| ) | |
| ) | |
| v. ) | **CRIMINAL ACTION** |
| ) | **NO. 05-1609-CBS** |
| BOGDANS HVALEJS, ) | |
| Defendant, ) | |
| ──────────────────────── ) | |

### CERTIFICATION OF EXTRADITABILITY AND
### ORDER OF COMMITMENT
### January 6, 2006

**SWARTWOOD, C.M.J.**

### Nature Of The Proceeding

At the request of the Republic of Latvia ("Latvia"), the United States of America (the "United States" or "Government") has commenced an extradition proceeding against Bogdans Hvalejs ("Mr. Hvalejs") pursuant to 18 U.S.C. §3184 and a treaty of extradition between the United States and Latvia.

### Background

Latvia seeks the extradition of Mr. Hvalejs for the prosecution of the offense of theft (two charges), in violation of Article 175, Part 3 of the Criminal Law of Latvia, and the illegal purchase and possession of narcotics (*i.e.*, heroin), in violation of Article 253, Part 1 of the Criminal Law of Latvia.

Discussion

Extradition Procedure

Under United States law, extradition is a two part process. First, pursuant to 18 U.S.C. §3184, a judicial officer, upon being satisfied that there is an extradition treaty between the United States and the foreign government requesting extradition and that the crime charged is covered by the treaty, issues an arrest warrant for the individual sought.[1]   Thereafter, the judicial officer holds a hearing for the purpose of determining if "`the evidence [is] sufficient to sustain the charge under the provisions of the proper treaty'.  If the judicial officer makes such a determination, he `*shall* certify' to the Secretary of State that a warrant for the surrender of the [individual sought] `*may* issue'". United States v. Kin-Hong, 110 F.3d 103, 109 (1st Cir. 1997)(citation to quoted case and internal citations omitted)(emphasis in original).  If the judicial officer determines that the individual sought is extraditable, the Secretary of State then has the discretion to determine whether the individual should, in fact, be extradited. Id.

In making a determination as to whether the individual sought is extraditable, "the judicial officer's inquiry is limited to a narrow set of issues concerning the existence of a treaty, the

---

[1]     This Court issued an arrest warrant for Mr. Hvalejs on January 12, 2005.  On July 26, 2005, Mr. Hvalejs was taken into federal custody.

offense charged, and the quantum of evidence offered". Id., at 110. Essentially, the judicial officer must determine the following elements: whether the United States and the foreign government requesting extradition "are parties to a valid extradition treaty"; that the individual brought before the judicial officer is the individual sought; whether there is an arrest warrant outstanding from the foreign government requesting extradition; whether the charges against the individual sought are extraditable offenses under the treaty; and whether there is probable cause to believe the individual sought committed the charged offenses. See In the Matter of Schweidenback, 3 F.Supp.2d 118 (D.Mass. 1998)(citations omitted).  Based on the following findings, I have determined that Mr. Hvalejs is extraditable.

<u>Findings</u>

1.    It is undisputed that the United States and Latvia are parties to a valid extradition Treaty (as defined in note 2, infra). See Report to the Court Concerning The Extradition Treaties (Docket No. 22)[2].

---

[2]For the record, the United States and Latvia are parties to the extradition treaty of October 16, 1923, which entered into force on March 1, 1924 (TS 677) and the Supplementary Treaty of October 10, 1934, which entered into force on March 29, 1935 (TS 884)(collectively, the "Treaty").  Additionally, the United States and Latvia are parties to the United Nations Single Convention on Narcotic Drugs, 1961, done at New York March 30, 1961, as amended by the 1972 United Nations Protocol Amending the Single Convention on Narcotic Drugs, done at Geneva March 25, 1972, which provides that specified illicit narcotics activities (including, purchase and possession of narcotics) shall be criminalized and deemed included as extraditable offenses in any extradition treaty existing between the parties. Gov't Ex. 1 (Declaration of Kenneth R. Propp), at pp. BH001-002.

2.    It is undisputed and I find that the individual who appeared before me is Bogdans Hvalejs, the person sought by Latvia. See Gov't Ex. 2, at pp. BH149-150 and Gov't Ex. 5.

3.    I find that there is an arrest warrant, or its equivalent, outstanding from Latvia charging Mr. Hvalejs with larceny in connection with the robbery of an apartment in Riga, Latvia on December 12, 2000, in violation of Article 175, Part 3 of the Criminal Law of Latvia; larceny in connection with the robbery of an automobile in August 2001, in violation of Article 175, Part 3 of the Criminal Law of Latvia; and the  purchase and possession of heroin, in violation of Article 253, Part 1 of the Criminal Law of Latvia[3]. See generally Gov't Exs. 1&2.

4.    I find that the crimes with which Mr. Hvalejs has been charged, which are the subject of this proceeding, *i.e.,* theft and purchase and possession of heroin, are extraditable offenses. See Gov't Ex. 1, at pp. BH001-004, 008, 033-034, 053; Gov't Ex. 4.[4]

---

[3]    I disagree with the assertion made by Mr. Hvalejs' counsel in her written submission to this Court (See Docket No. 21) to the effect that the documentation provided to the Government by Latvia is ambiguous concerning the actual charge against Mr. Hvalejs with respect to the robbery of the apartment. On the contrary, as noted, I find that the documentation makes clear that he is being accused of theft, which, as charged, under the Treaty constitutes the extraditable offenses of larceny, *i.e.,* theft of effects (personal property or money) with a value of at least $25 U.S. Dollars or the Latvian equivalent.

[4]    Counsel for Mr. Hvalejs argues that since on December 12, 2000, the date on which Mr. Hvalejs and another are alleged to have robbed an apartment, he was a juvenile, the theft charge relating to that robbery is not an extraditable offense.  Although the treatment of juvenile offenders is an issue that may, and in more recent treaties often is, addressed see Hu Yau-Leng v. Soscia, 649 F.2d 914 (2d Cir. 1981), this Treaty does not provide that juveniles are to be treated differently from adults.

5.    I find there exists probable cause to believe that Mr.
Hvalejs committed the offenses charged. <u>See</u> <u>Gov't Ex. 2</u>, at BH107,
BH111-12, BH117, BH123-24, BH127, BH132-33, BH136-37, BH142, BH144,
BH147-48, BH156-58.[5]

### Certification, Order of Commitment, Etc.

For the foregoing reasons, this matter is certified to the
Secretary of State in order that a warrant may issue for the
surrender of Bogdans Hvalejs to the proper authorities of the
Republic of Latvia in accordance with the Treaties between the
United States and the Republic of Latvia.

Therefore, it is Ordered that Bogdans Hvalejs is committed to
the custody of the United States Marshal, or his authorized
representative, to be confined in appropriate facilities and to
remain until he is surrendered to the Republic of Latvia pursuant
to applicable provisions of the Treaties and United States law.

It is further Ordered that the United States Attorney for the
District of Massachusetts shall forward a copy of this
certification and Order together with a copy of the transcript (or

---

[5]    At the hearing on this matter, Mr. Hvalejs's counsel attempted to
establish that the theft crimes with which he has been charged (*i.e.,* the offense
of robbery of an apartment on December 20, 2000 and the offense of robbery of a
car in August 2001) have already been disposed of, that is, he was brought before
a judge and the cases were resolved.  However, it is clear from Mr. Hvalejs'
testimony that although in both cases he was brought before a judge and
ultimately released, he has no idea whether those cases were actually resolved.

recording) of the extradition hearing and copies of documents received into evidence in this matter, to the Secretary of State.

                              /s/Charles B. Swartwood, III
                              CHARLES B. SWARTWOOD, III
                              CHIEF MAGISTRATE JUDGE